# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CRESCENT CITY SCHOOL OF GAMING & BARTENDING, INC., | Case No. 2:25-cv-00657-CDS-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 21] |
| TWIN CITY FIRE INSURANCE COMPANY, et al., | |
| Defendant(s). | |

On May 30, 2025, the Court denied without prejudice the stipulation for entry of a clawback order. Docket No. 19 (discussing Fed. R. Civ. P. 29(b)). On June 4, 2025, Defendant filed a declaration addressing that order. Docket No. 21. The declaration is improper for at least two reasons. First, the Court did not previously order the parties to file a supplement with additional explanation; the Court denied the prior request without prejudice. Hence, if relief continues to be sought, a new request must be filed (not a declaration). Second, the Court indicated previously that the parties did not explain why judicial approval was necessary as to their clawback agreement. The declaration indicates that judicial approval would expand the scope of clawback protection beyond the parties to this case. Docket No. 21 at ¶¶ 3-4. The declaration does not, however, explain <u>why</u> such expanded protection is needed in the circumstances of this case or, relatedly, <u>why</u> the Court should exercise its discretion to grant such expanded protection. *See* Fed. R. Evid. 502(d) ("A federal court *may* order that the privilege or protection is not waived by [inadvertent] production" (emphasis added)).

Any renewed request for entry of a clawback order must be filed by June 11, 2025.

T IS SO ORDERED.

Dated: June 4, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

1